Travis Wayne DAVIS, Jr. *v.* STATE of Arkansas

CR 06-91                                240 S.W.3d 110

Supreme Court of Arkansas
Opinion delivered September 28, 2006

*Patrick J. Benca* and *John Wesley Hall, Jr.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Travis Wayne Davis, Jr., appeals the order of the Lonoke County Circuit Court denying his motion to suppress items seized during a nighttime search of his business. On appeal, he argues that it was error to deny his motion to suppress because the warrant authorizing the search was not signed by a neutral and detached magistrate and was therefore invalid. This court assumed jurisdiction of the instant case as involving a significant issue needing clarification of the law; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(5). We find no error and affirm.

The record reveals that authorities were suspicious that Davis was manufacturing methamphetamine at his business, Core, Inc., located at 3170 Highway 294, in Lonoke County. On December 8, 2004, Detective Barry Flannery of the Little Rock Police Department, submitted an affidavit setting forth probable cause for the issuance of a nighttime search warrant for "the business, curtilage, out buildings, vehicles, and person of Wayne Davis[.]" The affidavit was submitted to Lonoke County Circuit Judge Lance Hanshaw. That evening, after reviewing the affidavit, Judge Hanshaw signed the requested search warrant.

Following the search, which revealed certain ingredients commonly used in the manufacture of methamphetamine, Davis was arrested and charged with numerous drug offenses. He filed a motion to suppress the items seized as a result of the search of his business on December 9, arguing that the search warrant was invalid, as it had not been signed by a neutral and detached magistrate. In this regard, Davis argued that Judge Hanshaw had previously recused from all his cases, because Davis's son had been arrested in connection with a robbery of Judge Hanshaw's home and, therefore, it was improper for Judge Hanshaw to sign the search warrant.[1]

At a hearing on Davis's motion, Davis and the State stipulated that if Judge Hanshaw were called to testify about the issuance of the warrant, he would testify that he authorized the warrant "based upon the four corners of the affidavit and what he felt to be probable cause within that document." The trial court denied the motion to suppress. Thereafter, Davis pled guilty,

---

[1] Prior to Davis's arrest in the instant case, he was arrested and charged with drug offenses in cases, CR03-110, CR04-262, and CR04-510. Also decided this same date is an appeal from a guilty plea entered in CR04-262.

pursuant to Ark. R. Crim. P. 24.3(b), thereby reserving his right to appeal the trial court's denial of his motion to suppress. This appeal followed.

In reviewing the denial of a motion to suppress, we conduct a de novo review based on the totality of the circumstances. *See Dickinson v. State*, 367 Ark. 102, 238 S.W.3d 125 (2006). We reverse only if the ruling denying a motion to suppress is clearly against the preponderance of the evidence. *Id.*

On appeal, Appellant argues that the search warrant issued by Judge Hanshaw was invalid because Judge Hanshaw's prior recusal from all of Davis's cases prevented him from being a neutral and detached magistrate when he signed the warrant authorizing the search of Davis's business. Thus, according to Davis, the search warrant was facially invalid and the items seized as a result of that search should be suppressed.[2]

The State counters that there was no evidence presented to indicate that Judge Hanshaw knew that the "Wayne Davis" named in the affidavit was the same "Travis Wayne Davis" who was involved in the prior cases from which the judge recused. In addition, the State avers that Judge Hanshaw recused in Davis's prior cases because his involvement might present "an appearance of impropriety[.]" According to the State, Davis submitted no evidence to prove that Judge Hanshaw was in fact biased against him, and as such the State avers that Davis's argument on appeal must fail. We agree with the State.

Pursuant to the United States Supreme Court's holding in *Shadwick v. City of Tampa*, 407 U.S. 345 (1972), for a warrant to be valid, the issuing officer must meet two tests: "He must be neutral and detached, and he must be capable of determining whether probable cause exists for the requested arrest or search." *Id.* at 350. The Court further explained that neutrality and detachment require "severance and disengagement from activities of law enforcement." *Id.* In addition, there must be a lack of "direct, personal, substantial, pecuniary interest" in the issuance of the

---

[2] While Davis mentions article 2, section 15, of the Arkansas Constitution in his brief, he raises no argument that he is afforded greater protection under the Arkansas Constitution; thus, the foregoing analysis is limited to the Fourth Amendment protections. *See Steinmetz v. State*, 366 Ark. 222, 234 S.W.3d 302 (2006) (holding that it was not necessary to consider whether article 2, section 15, affords different protection than the Fourth Amendment where the appellants did not develop such an argument).

warrant. *Connally v. Georgia*, 429 U.S. 245, 250 (1977). If the issuing magistrate does not meet the constitutional mandate of being neutral and detached, the warrant is invalid. *Coolidge v. New Hampshire*, 403 U.S. 443 (1971).

It is clear from our review of case law that an argument similar to the present one has heretofore never been raised in this court. Our cases dealing with a challenge to the detached and neutral magistrate requirement have previously involved situations where the appellants challenged a warrant on the basis that a clerk issued a warrant after the municipal judge signed a pad of blank arrest warrants and instructed the clerk to issue the warrants after reading the supporting affidavit. *See Stewart v. State*, 289 Ark. 272, 711 S.W.2d 787 (1986). *See also Starr v. State*, 297 Ark. 26, 759 S.W.2d 535 (1988) (applying good-faith exception to warrant signed by a clerk rather than a judge). Another issue addressed by this court but not on point with the present case is where there is an allegation that an issuing magistrate is not neutral and detached because he is involved in law-enforcement activities. *See Echols v. State*, 326 Ark. 917, 936 S.W.2d 509 (1996).

An argument similar to the instant one was raised, however, in *State v. McBride*, 523 N.W.2d 106 (Wis. Ct. App. 1994). There, the appellant challenged the validity of a search warrant on the basis that the issuing magistrate was biased against her. Specifically, the appellant, a licensed attorney, argued that the issuing magistrate harbored actual bias against her because she had actively supported the judge's opponent in a recent election and had filed a formal complaint against the judge with the Wisconsin Judicial Commission. During the pending judicial investigation, the judge recused from all cases in which the appellant appeared as counsel. The complaint was subsequently dismissed and, thereafter, the judge signed a warrant authorizing a search of the appellant's law office.

In determining whether the judge satisfied the neutral and detached standard, the Wisconsin Court of Appeals rejected the appellant's assertion that previous decisions of the Supreme Court were dispositive, as the cases cited by the appellant involved factual situations where the issuing magistrate was involved in the investigation or prosecution of the person who was subjected to the search. Noting that it had been unable to find a case on point, the Wisconsin court then stated that its line of cases dealing with a defendant's constitutional right to an impartial and unbiased judge were instructive. The court stated:

In determining whether Judge Koehn was actually biased, we must evaluate the existence of bias in both a subjective and an objective light. The subjective component is based on the judge's own determination of whether he will be able to act impartially. In determining whether the subjective test is satisfied, it is only necessary to examine Judge Koehn's actions concerning the application for the search warrant. If Judge Koehn subjectively believed he would not be able to act impartially, he would have been required to disqualify himself from hearing the application for the search warrant. Because he did not disqualify himself, we may presume that Judge Koehn believed himself capable of acting in an impartial manner and therefore, our inquiry into the subjective test is at an end. However, the fact that Judge Koehn did not believe that he was subjectively biased does not end our inquiry.

Under the objective test, we must determine whether there are objective facts demonstrating that Judge Koehn was actually biased. Under this test, the defendant must show that the "trial judge in fact treated him unfairly." Merely showing that there was an appearance of partiality or that the circumstances might lead one to speculate that the judge was partial is not sufficient.

*Id.* at 415-16 (citations omitted) (footnote omitted).

We find the analysis of the Wisconsin court instructive in the instant case. Thus, we must determine whether Judge Hanshaw believed that he could act impartially and also whether Davis presented any evidence of actual bias.

It is well settled under Arkansas law that the question of bias is usually confined to the conscience of the judge. *Perroni v. State*, 358 Ark. 17, 186 S.W.3d 206 (2004), *cert. denied*, 543 U.S. 1150 (2005). Judges are presumed to be impartial, and the party seeking disqualification has the burden of showing otherwise. *Id.* We elaborated on the concepts of recusal and bias in *Holder v. State*, 354 Ark. 364, 376, 124 S.W.3d 439, 447-48 (2003) (citations omitted), stating:

Further, unless there is an objective showing of bias, there must be a communication of bias in order to require recusal for implied bias. Absent some objective demonstration by the appellant of the trial judge's prejudice, it is the communication of bias by the judge that will cause us to reverse his or her refusal to recuse.

Here, the record reflects that Judge Hanshaw recused from Davis's cases in order to avoid an appearance of any impro-

priety due to the fact that Davis's son had been charged with burglarizing the judge's home. At no time, however, did Judge Hanshaw indicate that he was actually biased against Davis. Notably, Davis presented no evidence to indicate that Judge Hanshaw was biased against him when signing the search warrant at issue here. In fact, Davis does not challenge the sufficiency of the affidavit issued in support of the warrant or otherwise indicate that the search warrant was defective in any manner but for the fact that it was issued by Judge Hanshaw. Thus, his allegation that Judge Hanshaw was biased is insufficient to prove that the search warrant was not issued by a neutral and detached magistrate.

■ Moreover, we are persuaded by the State's argument that Appellant presented absolutely no proof that Judge Hanshaw even realized that the "Wayne Davis" who was the subject of the search warrant was the same "Travis Wayne Davis" who had previously appeared before him more than a month ago. As the trial court ruled from the bench:

> The facts are that the defendant requested the First Division Judge to recuse from any pending cases, and based upon the defendant's request, I conclude that the First Division Judge, to avoid the appearance of impropriety granted the defendant's request. That was done on November the 2nd of 2004.
>
> Sometime in the nighttime of December the 8th of 2004 law enforcement officers probably go to that same judge's house or call that same judge in the night and say, "Can you meet us at a designated location because we've got an affidavit for search warrant," okay and in the nighttime hours he reviews an affidavit for search warrant. He reads it. And I'm sure he reads the name, Travis Wayne Davis, Jr., but quite frankly, I conclude I'm not real sure he knows who Travis Wayne Davis, Jr. is because I'm a judge and I see thousands of names and they don't mean anything to me. They are names on a piece of paper. It just doesn't register. It seems to me that there has to be some link between on that day when he's looking at that affidavit that he even knows we're talking about the same person. It almost seems that the argument is that I assume that he knows. I cannot reach that assumption. In fact, I reach just the opposite assumption. I don't even think he has a clue that the same person he's signing this affidavit on is the same person he was asked to recuse on.

Even if we were to assume that Judge Hanshaw knew that Wayne Davis was the same Travis Wayne Davis that was involved in the prior cases, this fact standing alone is insufficient to establish that the judge was anything but neutral and detached when he signed the search warrant. Appellant had the burden of proof in this matter and failed to sustain it.

■ As the Eighth Circuit held, a magistrate judge is neutral and detached if his or her impartiality cannot reasonably be questioned. *United States v. Mathison*, 157 F.3d 541 (8th Cir. 1998). There, the appellant argued that the issuing magistrate was biased against him because in the course of conducting business seminars, the appellant had criticized the magistrate's previous handling of a probate case. In rejecting the appellant's argument of bias, the court stated that he had failed to allege any facts that could lead a reasonable person to believe that the magistrate had been unable to impartially assess the existence of probable cause for the search warrant. *Id.* Likewise, Appellant failed to present any proof that would call into question Judge Hanshaw's impartiality or inability to assess whether probable cause existed for the issuance of the search warrant.

Affirmed.

GLAZE, J., concurs.