Karen R. Baker, Justice, dissenting. I must respectfully dissent from the majority’s decision because the circuit court clearly abused its discretion in disqualifying Crow from the representation of Floyd. Specifically, the circuit court abused its discretion in finding that' Crow substantially participated, as required for disqualification pursuant to Rule 1.12(a) of the Arkansas Rules of Professional ■ Conduct, in the issuance of the arrest warrant and the plea-and-arraignment hearing. With regard -to the arrest warrant, the majority relies on Ark.Code Ann. § 16-81-104 and correctly states that “[t]o. issue the arrest warrant, Crow was required to determine [sthat the affidavit in support demonstrated reasonable grounds that Floyd had committed the. offense in question.” However, despite the correctness of this statement, I am mindful of United States Supreme Court precedent regarding an issuing magistrate’s involvement in the issuance of the arrest warrants: Pursuant to the United States Supreme Court’s holding in Shadwick v. City of Tampa, 407 U.S. 345, 92 S.Ct. 2119, 32 L.Ed.2d 783 (1972), for a war- ' rant to be valid, the issuing officer must meet two tests: “He must be neutral and detached, and he must be capable of determining whether probable cause exists for the requested arrest or search.” Id. at 350, 92 S.Ct. 2119. The Court further explained that neutrality and detachment require,“severance and disengagement from activities of law enforcement.” Id. In addition, there must be a lack of “direct, personal, substantial, pecuniary interest” in the issuance of the warrant. Connally v. Georgia, 429 U.S. 245, 250, 97 S.Ct. 546, 50 L.Ed,2d 444 (1977), If the issuing magistrate does not meet the constitutional mandate of being .neutral and detached, the warrant is invalid. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Davis v. State, 367 Ark. 341, 344-45, 240 S.W.3d 110, 112-13 (2006). Thus, despite the requirements of Ark.Code Ann. § 16-81-104, Crow was required to be “neutral and detached” and lack “direct, personal, substantial, pecuniary interest” in the issuance of the arrest warrant. Because Crow was required to be neutral and detached, his participation in the issuance of the arrest warrant was not substantial and the circuit court clearly abused its discretion by disqualifying Crow on this basis. Further, I must also dissent from the majority’s holding that Crow’s participation as the presiding judge in the plea- and-arraignment hearing amounted to substantial participation and thus disqualified Crow from the representation of Floyd. The entirety of the plea-and-arraignment transcript is as follows: [Judge CROW]: All right. Phillip Floyd, CR2014-136. Mr. Floyd is present before the Court with Mr. Brian Ra-bal. 10Mr. Rabal: That’s correct, Your Hon- or. [Judge Chow]: All right. The State is appearing by Ms. Goodman. We’re here today for purposes of arraignment. Mr. Floyd is charged with the offense of rape, a class Y felony. And, Mr. Rabal, have you had the opportunity to review this matter with your client? MR. Rabal:- I have, Your Honor. [Judge CROW]: Are you prepared to enter a plea today? MR. Rabal: We are. [Judge Crow]: And what says— MR. Rabal: My client — yeah, my client would like to plead not guilty. . [Judge Crow]: All right. You’ve advised your client of the nature of the charges, his constitutional rights, and pleas available to him? Mr. Rabal: I have, Your Honor. [Judge CROW]: All right. Not guilty will be entered. Is the State’s file open? Ms. Goodman: Yes, sir. [Judge Crow]: [Floyd] is currently free on $25,000 corporate surety bond. There is a no contact order in place with the alleged victim. Jury trial will be set for the week of July 15th, 2015 in Berryville. Mr. Rabal, as you are probably aware, I am leaving the bench at the end of this year. Judge Jackson will be taking the Circuit Court. You will probably need to coordinate with the Prosecuting Attorney for the purposes of further proceedings and any preliminary hearings, including any suppression hearings that you may wish to conduct. Mr. Rabal: Okay. I will do so, Your Honor. In[ Judge CROW]: All right. Anything further then with regard to Mr. Floyd? Ms. Goodman: No, sir. [Judge Crow]: All right. Thank you. Mr. Rabal: Thank you, Your Honor. That concludes my business. May I be excused? [Judge CROW]: You may, sir. Thank you. Mr. Rabal: Thank you. Thus, the record demonstrates that Floyd merely appeared in court, pled not guilty, and Crow set the jury trial for the week of July 15, 2015, in Berryville. Crow’s participation in the plea-and-arraignment hearing, as the presiding judge, was far from substantial participation as contemplated by Rule 1.12(a) of the Arkansas Rules of Professional Conduct. Further, because Arkansas is a small state where — particularly in rural areas — only a limited number of attorneys are available, the majority’s analysis restricts a defendant’s right to counsel of his choosing unnecessarily and for no real purpose. As the majority correctly states, “The presumption in favor of a party’s choice of counsel may be overcome by the demonstration of an actual conflict of interest or by a showing of a serious potential for conflict.” Here, the presumption in favor of Floyd’s selection of Crow as his counsel has not been overcome by a demonstration of an actual conflict of interest or by a showing of a serious potential for conflict. Because the majority has erred in finding that Crow’s participation in the arrest warrant and plea-and-arraignment hearing amounted to substantial participation, I must respectfully dissent. . The State of Arkansas.' To any law enforcement officer of the State of Arkansas: It appearing that there are reasonable grounds for believing that A.B. has committed the offense of larceny in the County of Pulaski, you are therefore commanded, forthwith, to arrest A.B., and bring him before some judge or magistrate of Pulaski County, to be dealt with according to law. Given under my hand the - day ,of __, 20_ C.D. Judge or Magistrate, Summon as witnesses E.F. and J.K.